EDWARD J. TEIPNER *et al. vs.* BANK OF WATERVILLE.

Submitted on briefs Oct. 25, 1894. · Affirmed Dec. 13, 1894.

No. 9150.

Error without prejudice.

*Held* that, if the court below erred in any of its rulings on the trial, it was error without prejudice.

Appeal by plaintiffs, Edward J. Teipner and Styles M. West, from an order of the District Court of Hennepin County, *Robert D. Russell*, J., made June 27, 1894, denying their motion for a new trial.

On September 30, 1893, plaintiffs made an oral agreement with defendant, the Bank of Waterville, to put upon its safe a new Double Chronometer Movement Time Lock, manufactured at Cincinnati, Ohio, and it agreed to pay them therefor $165. They put in the lock No. 6346 and gave defendant a writing in which they warranted the movements to be perfect in their construction and of good material and to work all right for five years, provided they should be examined and cleaned once each year. If it failed within that time they would replace it with a new lock of the same kind. Defendant paid them $90 and they brought this action before a Justice of the Peace in Minneapolis to recover the remaining $75. Defendant answered that the lock was second hand, imperfect, unreliable, failed to work and was not all right, that defendant was thereby injured and hindered in its business and sustained damages to the amount of $200. Plaintiffs had judgment for the amount they claimed with interest and costs. Defendant appealed to the District Court on questions of both law and fact. There a jury was waived, the issues were tried, findings made and judgment was ordered for defendant. Plaintiffs moved for a new trial. Being denied they appeal.

*C. E. Brame*, for appellants.

*Fletcher, Rockwood & Dawson*, for respondent.

COLLINS, J. This was an action to recover a small balance said to be due to plaintiffs on account for putting a time lock into defendant's bank safe. The defense was a breach of warranty of the

lock. The warranty depended upon was in writing, and by its terms plaintiffs guarantied that the movements of the lock No. 6,346 were perfect in construction, of good material, and would "work all right." If defects were discovered within five years, plaintiffs agreed to replace the lock with a new one of the same kind. The real issue on the trial was whether there was a breach of the contract of warranty, and the testimony was clear that there had been a flagrant breach of it. The lock had been used before, the working movements were filled with dirt, and it would not operate, all of which was discovered, and plaintiffs notified, within two months after the lock was attached to the safe.

Several assignments of error relate to the admission of testimony, over plaintiffs' objections, as to conversations between the parties prior to the sale of the lock, and the execution of the written contract, and also at the time the lock was being put in. We do not think any of these assignments entitled to discussion. If there was error in any of the rulings on these matters, the plaintiffs were not prejudiced. The other assignments are not worthy of consideration.

Order affirmed.

GILFILLAN, C. J., absent on account of sickness, took no part.

(Opinion published 61 N. W. 336.)